UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- v. -

GERSON CISNERO CAMACHO,

               Defendant.

22-cr-00548 (JLR)

**ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

      Defendant Gerson Cisnero Camacho ("Defendant") was sentenced to a term of imprisonment of 78 months. *See* Dkt. 85. Defendant subsequently filed a *pro se* motion for a sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("USSG"). *See* Dkt. 96. The Court denied Defendant's motion, having determined, among other things, that Defendant was "[in]eligible for a reduction for zero-point offenders under USSG § 4C1.1 because [he] does not have zero criminal history points." Dkt. 98. Defendant now moves for reconsideration of the Court's decision finding him ineligible for a reduction under USSG § 4C1.1. *See* Dkt. 104. For the reasons below, Defendants' motion is DENIED.

      "The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *United States v. Anderson*, No. 24-cr-00009 (LTS), 2024 WL 3461882, at *1 (S.D.N.Y. July 18, 2024) (quoting *United States v. Gomez*, No. 08-cr-00429 (DLC), 2016 WL 2939163, at *2 (S.D.N.Y. May 19, 2016)); *accord Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "A motion for reconsideration may also be granted 'when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

*Anderson*, 2024 WL 3461882, at *1 (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

Defendant offers no new arguments, nor has he otherwise "identified any intervening change in controlling law or new information that the Court overlooked in issuing its . . . Order." *Gomez*, 2016 WL 2939163, at *2. "He has therefore not satisfied the exacting standard of a motion for reconsideration." *Id.* As the Court previously explained, Defendant has two criminal history points, not zero. *See* Dkt. 98. He is thus ineligible for a reduction under USSG § 4C1.1, which is available "for certain defendants *with zero criminal history points — i.e.* first-time offenders." *United States v. Joseph*, No. 17-cr-00314 (VM), 2025 WL 635870, at *1 (S.D.N.Y. Feb. 27, 2025) (emphasis added); *see* USSG § 4C1.1(a)(1). Although Defendant may disagree with the Court's decision, a motion for reconsideration "is 'not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple.'" *Gomez*, 2016 WL 2939163, at *2 (quoting *Analytical Survs.*, 684 F.3d at 52).

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 104 and to send a copy of this Order to Defendant.

Dated: May 16, 2025
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

Mail To:
Gerson Cisnero Camacho
Fed. Reg. No. 21988-510
FCI Allenwood Low,
P.O. Box 1000,
White Deer, PA 17887

2